E-FILED on    3/17/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT ANTHONY, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YAHOO! INC., a Delaware corporation,<br><br>Defendant. | No. C-05-04175 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS<br><br>[Re Docket No. 31 ] |

    Robert Anthony ("Anthony") has sued Yahoo! Inc. ("Yahoo!") for (1) breach of contract, (2) fraud, (3) negligent misrepresentation, (4) and deceptive and unfair practices under Florida Stat. § 501.204 *et seq*. ("FDUTPA"), (5) unjust enrichment, and (6) restitution.[1]  Yahoo! moves to dismiss all of Anthony's claims. Anthony opposes the motion. The court has read the moving and responding papers and considered counsels' arguments. For the reasons set forth below, the court grants in part and denies in part Yahoo!'s motion.

## I. BACKGROUND

    Anthony alleges that Yahoo! offers two on-line dating services: Yahoo! Personals and Yahoo! Premier. First Amended Complaint ("FAC") ¶ 13. The former is "for dates and fun," while

---

[1] Recognizing that unjust enrichment and restitution are not substantive causes of action, Anthony voluntarily dismisses these claims but seeks leave to add them as potential remedies for his breach of contract claim. *See* Opp. Mot. Dism. at 2 n.1.

1  the latter caters to people looking for "loving, lasting relationships." *Id*. at ¶¶ 14-16.  Yahoo!
2  represents that both services "will help the subscriber find better first dates and more second dates."
3  *Id*. at ¶ 17.  Yahoo! advises users to be truthful and reserves the right to remove deceptive profiles,
4  thus "giv[ing] all subscribers and potential subscribers a sense of confidence in the authenticity of
5  the images displayed on [its] webstite[.]" *Id*. at ¶ 18.  However, Anthony claims, Yahoo!
6  "deliberately and intentionally[ ] originates, creates, and perpetuates false and/or non-existent
7  profiles on its site" to trick people like Anthony into joining the service and renewing their
8  memberships. *Id*. at ¶¶ 19-20.  In addition, Anthony asserts, when a subscription nears its end date,
9  Yahoo! sends the subscriber a fake profile, heralding it as a "potential 'new match.'" *Id*. at ¶ 24.
10 Anthony provides twenty-three examples of these "false and/or non-existent profiles," which include
11 (1) "[u]sing recurrent phrases for multiple images with such unique dictation and vernacular that
12 such a random occurrence would not be possible" and (2) "[i]dentical images [with] multiple
13 'identities.'" *Id*. at ¶ 28.  Finally, Anthony alleges that Yahoo! continues to circulate profiles of
14 "actual, legitimate former subscribers whose subscriptions had expired," thus giving the misleading
15 impression that these individuals are still available for dates. *Id*. at ¶ 33.  Anthony claims to
16 represent two nationwide subclasses: (1) current members of Yahoo!'s dating services and (2) former
17 members who subscribed after January 1, 2001. *Id*. at ¶ 9.

## II.  ANALYSIS

### A.  Motion to Dismiss

Dismissal under Rule 12(b)(6) is proper only when a complaint exhibits either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  The court must accept the facts alleged in the complaint as true. *Id*.  "A complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

**B.     Breach of Contract**

Anthony alleges that subscribers must agree to Yahoo!'s Terms of Service, Personals Additional Terms of Service, and Personals Guidelines. FAC ¶ 35. He asserts that (1) "Yahoo! entered into a valid, fully integrated contract . . . representing its online dating services as genuine," (2) "[a]ll parties to the contract understood the nature of the contract was intended to provide each paying subscriber with access to a legitimate and genuine online dating service," and (3) Yahoo! "breached the aforementioned contract by . . . creating and forwarding false and/or nonexistent profiles[.]" *Id*. at ¶¶ 36-37. "[T]he elements of [a breach of contract] cause of action are the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant and damages." *First Comm. Mortgage Co. v. Reece*, 89 Cal. App.4th 731, 745 (2001). Courts may dismiss breach of contract claims when the agreement is not reasonably susceptible to any meaning that could support the plaintiff's legal theories. *See Martinez v. Socoma Companies, Inc.*, 11 Cal.3d 394, 397 (1974).

Anthony cannot identify any contractual term that requires Yahoo! not to create or forward false profiles. First, he asserts that Yahoo! breached its Personals Guidelines, which provide that "Yahoo! Personals gives Yahoo! users a way to find and interact with other people who may share their interests and goals. Just like a real community, different people may have different opinions and personalities in Yahoo! Personals." Opp. Mot. Dism. at 8:12-15 (quoting Yahoo! Personals Guidelines, FAC Ex. A, at 16).[2] He argues that Yahoo! violated this clause by creating and forwarding profiles "that do not represent other people who may share their interests and goals and are not part of a 'real community.'" *Id*. at 8:16-18. However, the language upon which Anthony relies merely describes Yahoo!'s dating service and does not commit Yahoo! to performing or not performing any particular action. *See, e.g.,* Rest. (2d) Contracts § 2 ("[a] promise is a manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in

---

[2]   Anthony attached several documents as Exhibit A to his original complaint. He inadvertently failed to attach these documents as Exhibit A to the FAC. The parties have stipulated to incorporate the documents as if Anthony had attached them to the FAC. *See* Docket No. 43.

understanding that a commitment has been made"). Anthony cannot predicate a breach of contract claim upon it.[3]

Second, Anthony asserts that Yahoo! breached its Terms of Service by allegedly sending expired profiles to existing subscribers. He alleges that many individuals whose expired profiles Yahoo! forwarded had "specifically directed" Yahoo! to remove their profiles. FAC ¶ 33. According to Anthony, Yahoo!'s conduct violates a provision of the Personals Terms of Service that grants Yahoo! a broad license:

> [W]ith respect to Content you submit or make available for inclusion on publicly accessible areas of the Service, you grant Yahoo! the following world-wide, royalty free and non-exclusive license(s), as applicable:
> ● With respect to Content you submit or make available for inclusion on publicly accessible areas of Yahoo! Groups, the license to use, distribute, reproduce, modify, adapt, publicly perform and publicly display such Content on the Service . . . . *This license exists only for as long as you elect to continue to include such Content on the Service and will terminate at the time you remove or Yahoo! removes such Content from the Service.*
> ● With respect to photos, graphics, audio or video you submit or make available for inclusion on publicly accessible area[s] of the Service other than Yahoo! Groups, the license to use, distribute, reproduce, modify, adapt, publicly perform and publicly display such Content on the Service . . . . *This license exists only for as long as you elect to continue to include such Content on the Service and will terminate at the time you remove or Yahoo! removes such Content from the Service.*

Opp. Mot. Dism. at 8: 23-9:14 (quoting Yahoo! Personals Terms of Service, FAC Ex. A, at ¶ 8) (emphasis supplied by Anthony). Anthony argues that "[u]pon being directed by a subscriber to remove a profile, YAHOO is contractually bound to do such that its failure not to do so constitutes a breach of its contractual obligations[.]" *Id*. at 9:14-18. However, the license provision does not specifically require Yahoo! to remove profiles.

Third, Anthony notes that Yahoo!'s Community Guidelines state that "[y]ou'll be happy to know that we do not allow spam, information gathering, or escort services." Hopkins Decl. Supp. Mot. Dism. ("Hopkins Decl.") Ex. D. He argues that Yahoo!'s forwarding of false profiles contravenes its "contractual obligation not to allow spam." Opp. Mot. Dism. at 10:6-7. Yet this

---

[3] Anthony makes two other similar arguments that fail for the same reason. First, he asserts that Yahoo! violates "the entire purpose" of its Personals service, where "[s]ingle people go to find dates, romantic partners, and long-term relationships." Opp. Mot. Dism. at 9:19-20 (quoting Hopkins Decl. Ex. D). Second, he claims that "the entire premise of the service" is that it "'allows paid subscribers to get in touch with anyone on Yahoo! Personals.'" *Id*. at 10:8-12 (quoting Yahoo! Personals Terms of Service, FAC Ex. A, at ¶ 2.1). These representations are not binding promises to refrain from creating and forwarding false profiles.

sentence appears in a section entitled "Guidelines for Posting Your Profile." Hopkins Decl. Ex. D. Viewed in context, it restricts what subscribers — not Yahoo! — can do on the site. In any event, the Terms of Service permit Yahoo! to contact subscribers by e-mail. *See* Yahoo! Personals Terms of Service, FAC Ex. A, at ¶ 22 ("Yahoo! may provide you with notices . . . by either regular mail, e-mail, or by postings on the Service").[4]

Finally, Anthony asserts that "if the Court determines that no express provision of the contract was violated by [Yahoo!'s] conduct, [Anthony] may still nonetheless maintain an action . . . for breach of the [implied] covenant of good faith and fair dealing." Opp. Mot. Dism. at 11:16-18. He then requests leave to amend such a theory. The court permits him to do so.

### C. Fraud and Negligent Misrepresentation

Anthony's second and third causes of action are for fraud and negligent misrepresentation. *See* FAC ¶¶ 42-58. "The elements of fraud . . . are: a representation, usually of fact, which is false, knowledge of its falsity, intent to defraud, justifiable reliance upon the misrepresentation, and damage resulting from that justifiable reliance." *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 72-73 (1990). "[N]egligent misrepresentation [is] very similar [but] . . . lacks the element of intent to deceive." *Intrieri v. Sup. Court*, 117 Cal. App. 4th 72, 85-86 (2004).

#### 1. The Communications Decency Act

Yahoo! argues that the Communications Decency Act ("CDA") bars Anthony's fraud and negligent misrepresentation claims. The CDA provides that (1) "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider" and (2) "[n]o cause of action may be brought and no liability may be imposed under any State or local rule that is inconsistent with this section." 47 U.S.C. §§ 230(c)(1) & (e)(3). Section 230(f)(2) defines "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by

---

[4] Yahoo!'s agreements also contain broad disclaimers of "all warranties of any kind." *See, e.g.,* Yahoo! Personals Terms of Service, FAC Ex. A, at ¶ 27(a). Anthony contends that these clauses are unconscionable under California Civil Code § 1670.5 and unenforceable as a contract that "exempt[s] anyone from responsibility for his own fraud" under California Civil Code § 1668. Because the court determines that Yahoo! need not rely on its disclaimers to defeat Anthony's contract cause of action, it need not address the issue.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS —C-05-04175 RMW
DOH                                                        5

multiple users to a computer service, including specifically a service or system that provides access to the Internet[.]"  An "information content provider" is "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service."  47 U.S.C. § 230(f)(3).  "Congress clearly enacted § 230 to forbid the imposition of publisher liability on a service provider for the exercise of its editorial and self-regulatory functions."  *Ben Ezra, Weinstein, & Company, Inc. v. America Online Inc.*, 206 F.3d 980, 986 (10th Cir. 2000).  Yahoo! contends that it cannot be liable "based on profile content" under the CDA.  Mot. Dism. at 5:20.

Yahoo's assertion sweeps too broadly.  Anthony alleges that Yahoo! *creates* false profiles, not merely fails to delete them.  *See* FAC ¶ 19 (Yahoo! "deliberately and intentionally originates, creates, and perpetuates false and/or non-existent profiles").  In addition, Anthony claims that Yahoo! sends users false profiles for the purpose of luring them into renewing their subscriptions. *See id*. at ¶ 32 ("With actual knowledge of the fraudulent nature of the profiles and images, YAHOO would send such false profiles and images to, among others, subscribers whose subscriptions to the service were about to expire in an effort to convince them to renew their subscriptions").[5]  No case of which this court is aware has immunized a defendant from allegations that *it* created tortious content.  *Compare Zeran v. America Online, Inc.*, 129 F.3d 327, 329 (4th Cir. 1997) (CDA applies to defamation claim against AOL for failing to remove offensive material from bulletin board); *Blumenthal v. Drudge*, 992 F. Supp. 44, 50 (D. D.C. 1998) (CDA applies to defamation claim against AOL for sponsoring on-line gossip column); *Lars Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 831 (2002) (CDA applies to negligence and unfair competition claims against eBay stemming from third party's sale of forged autographs); *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1124 (9th Cir. 2003) (CDA applies to invasion of privacy, misappropriation of the right of publicity, defamation and negligence claims against internet dating service relating to third party's creation of false profile using plaintiff's identity).  In fact, these cases have acknowledged that the CDA "would

---

[5] Yahoo!'s contention that Anthony "does not make clear whether [he] alleges that Yahoo! creates the allegedly 'false and/or non-existent' profiles or whether Yahoo! simply fails to verify and remove allegedly 'false and/or non-existent' profiles from its site," Mot. Dism. at 2:9-11, misinterprets his complaint.

not immunize [an 'interactive computer service' provider] with respect to any information [it] developed or created entirely by itself . . . ." *Blumenthal*, 992 F. Supp. at 50. One need look no further than the face of the statute to see why. The CDA only immunizes "information provided by *another* information content provider." 47 U.S.C. § 230(c)(1) (emphasis added). If, as Anthony claims, Yahoo! manufactured false profiles, then it is an "information content provider" itself and the CDA does not shield it from tort liability.[6]

In addition, the CDA does not defeat Anthony's allegations that Yahoo! sent "profiles of actual, legitimate former subscribers whose subscriptions had expired and who were no longer members of the service, to current members of the service." FAC ¶ 33. Admittedly, third parties created these profiles. Nevertheless, the CDA only entitles Yahoo! not to be "the publisher or speaker" of the profiles. It does not absolve Yahoo! from liability for any accompanying misrepresentations. Because Anthony posits that Yahoo!'s manner of presenting the profiles — not the underlying profiles themselves — constitute fraud, the CDA does not apply.

### 2.    Federal Rule of Civil Procedure 9(b)

Yahoo! next argues that Anthony has failed to plead fraud and negligent misrepresentation with the requisite specificity. Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citations omitted). Although "[t]he complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity," this rule "may be relaxed with respect to matters within the opposing party's knowledge." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

---

[6] Yahoo! may simultaneously be both an "information content provider" and an "interactive computer service" provider. *See Gentry*, 99 Cal. App. 4th at 833 ("It is not inconsistent for eBay to be an interactive service provider and also an information content provider; the categories are not mutually exclusive. The critical issue is whether eBay acted as an information content provider with respect to the information that appellants claim is false or misleading.").

1    Yahoo! admits that Anthony has "identifie[d] certain profiles he alleges are 'false and/or non-
2 existent' and, to some extent, even the basis for his belief," but contends that he does not "allege that
3 he specifically viewed, responded to, attempted to contact, or otherwise relied on any of these
4 purportedly false profiles." Mot. Dism. at 13:17-21. There are two problems with this argument.
5 For one, it misconstrues Anthony's complaint. Contrary to Yahoo!'s claim, Anthony asserts that he
6 "and other members of the Class viewed, attempted to respond to and relied on such false and/or
7 non-existent profiles and images causing [them] to continue to subscribe to the service." FAC ¶ 25.[7]
8 Second, Yahoo!'s contention, at bottom, is that Anthony does not plead the reliance element of his
9 claims in accordance with Rule 9(b)'s heightened standards. He need not do so. *See Indiana Bell*
10 *Telephone Co. v. Ward*, 2002 WL 32067296 *3 (S.D. Ind. 2002) ("Rule 9(b) applies to the specifics
11 of alleged misrepresentations, but the notice pleading requirements of Rule 8 apply to other aspects
12 of the plaintiff's complaint, such as damages, reliance, or a defendant's state of mind"). Anthony
13 lists twenty-three concrete examples of false profiles, including user names and excerpts from each
14 posting. *See* FAC ¶ 28 (alleging that some have the same picture but different identities and some
15 have the same identities but different pictures). He claims that Yahoo! created and forwarded these
16 profiles to trick new members into joining and stop current members from leaving. *Id*. at ¶¶ 19, 24.
17 These detailed allegations satisfy Rule 9(b) because they place Yahoo! on notice of the alleged
18 misrepresentations that form the basis of Anthony's claims. The court therefore denies Yahoo!'s
19 motion to dismiss Anthony's fraud and negligent misrepresentation causes of action.

20    **D.    FDUTPA**

21    Anthony's fourth cause of action alleges that Yahoo! violated the FDUTPA. FAC ¶¶ 59-65.
22 That statute outlaws "[u]nfair methods of competition and unfair or deceptive acts or practices in the
23 conduct of any trade or commerce." Fla. Stat. § 501.204(1). To state a claim under the statute, a
24 plaintiff must allege that the defendant "engaged in 'unfair or deceptive acts or practices.'" *Tuckish*

---

[7]    In its reply brief, Yahoo! argues that although Anthony "alleges that Yahoo! Personals has 'millions of subscribers' . . . the gravamen of his claim is that Yahoo! does not offer a legitimate on-line dating service." Rep. Supp. Mot. Dism. at 1:14-16. This argument has some merit: given the numerous potential "matches" on Yahoo!'s service, it may be difficult for Anthony to prove that he relied on a particular false profile when deciding either to join or not to cancel his membership. However, this fact-specific issue is not properly resolved on a motion to dismiss.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS —C-05-04175 RMW
DOH                                                              8

*v. Pompano Motor Co.*, 337 F. Supp. 2d 1313, 1320 (S.D. Fla. 2004). Yahoo! moves to dismiss this cause of action on the narrow grounds that Anthony has failed to plead it with specificity and that the CDA bars it. *See* Mot. Dism. at 15:6-16:5. As noted above, both contentions lack merit. Accordingly, the court denies Yahoo!'s motion to dismiss Anthony's FDUTPA claim.[8]

### III. ORDER

For the foregoing reasons, the court (1) dismisses Anthony's claims for breach of an express contract, restitution, and unjust enrichment and (2) denies Yahoo!'s motion to dismiss Anthony's claims for fraud, negligent misrepresentation, and FDUTPA violations. The court gives Anthony twenty days leave to amend.

DATED:      3/14/06                              /s/ Ronald M. Whyte
                                                 RONALD M. WHYTE
                                                 United States District Judge

---

[8] Yahoo! reserves its right to raise choice-of-law issues relating to the FDUTPA later. *See* Mot. Dism. at 15 n.4.

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

| | |
|---|---|
| Brett Lee Rosenthal | Brett@mcnultylaw.com |
| Manuel Dobrinsky | MDobrinsky@fdlaw.net |
| Peter J. McNulty | peter@mcnultylaw.com |
| Philip Freidin | PFreidin@fdlaw.net |
| Randy Rosenblum | RRosenblum@fdlaw.net |
| T. Omar Malone | OMalone@fdlaw.net |

**Counsel for Defendant(s):**

| | |
|---|---|
| Michele D. Floyd | mfloyd@reedsmith.com |
| Kerry Hopkins | Khopkins@reedsmith.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     3/17/06                              SPT
                                          **Chambers of Judge Whyte**