McNULTY LAW FIRM
827 Moraga Drive
Bel Air, California 90049
Tel: 310.471.2707
Fax: 310.472.7014
Peter J. McNulty, Esq. - State Bar No. 89660
Brett L. Rosenthal, Esq. - State Bar No. 230154

FREIDIN & DOBRINSKY, P.A.
One Biscayne Boulevard, Suite 3100
2 South Biscayne Boulevard
Miami, Florida 33131
Tel: 305.371.3666
Fax: 305.371.6725
Randy Rosenblum, Esq. - Florida Bar No. 983527
Manuel Dobrinsky, Esq. - Florida Bar No. 775525
Philip Freidin , Esq. – Florida Bar No. 118519
Appearing *Pro Hac Vice*

**E-filed: 11/19/2008**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT ANTHONY, individually and on behalf of others similarly situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>YAHOO! INC., a Delaware Corporation,<br><br>　　　　　Defendant. | CASE NO. C05 04175 RMW<br><br>Honorable Ronald M. Whyte<br><br><br>**FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE** |

　　　　The Court having entered its Order Granting Motions for Final Settlement Approval, Award of Attorneys' Fees and Expenses, and Class Representative Incentive Award on September 17, 2008, which is incorporated herein by this reference,  IT IS HEREBY ORDERED THAT:

　　　　1. This court has jurisdiction over the claims of the Settlement Class Members asserted in this proceeding and over all parties to the Action.

　　　　2. This Court finds the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied and the Action has been properly maintained according to the provisions of Rules 23(a) and 23(b)(3). Specifically, this court finds that (a) the Class, as defined below, is so numerous that joinder

of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Plaintiff are typical of the claims of the Class; (d) Plaintiff and his counsel have fairly and adequately protected the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. The Action is hereby finally certified as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of a class (the "Class") composed of all paid subscribers in the United States of Yahoo! Personals (including Yahoo! Personals Premier) between October 1, 2004 and August 8, 2007.

4. The notice given to the Attorney General of the United States, the Federal Trade Commission and the Attorney Generals of the fifty States and the District of Columbia satisfied the notice requirements of 28 U.S.C. § 1715(b). The notice given to the Class Members fully and accurately informed the Class Members of all material elements of the proposed settlement and of their opportunity to object or comment thereon; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with the laws of the State of California, Federal Rules of Civil Procedure, the United States Constitution, due process and other applicable law. All other forms of notice fairly and adequately described the Settlement and provided Class Members adequate instructions and a variety of means to obtain additional information. A full opportunity has been afforded to the Settlement Class members to participate in the approval of the Settlement, and all Settlement Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Settlement Class members who did not timely and properly execute and submit a Request for Exclusion are bound by this Order and Judgment, and no Class Member may refuse, pursuant to 28 U.S.C. § 1715(e)(1), to comply with or be bound by this Order and Judgment.

5. In accordance with Federal Rule of Civil Procedure 23(e), the Court finds that the Settlement has been entered into in good faith and is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class and hereby grants final approval to the Settlement. The Court has considered and overruled the sole objection filed in this action for the reasons expressed in the Court's Order Granting Motions for Final Settlement Approval, Award of Attorneys' Fees and Expenses, and

Class Representative Incentive Award. Accordingly, the Court hereby directs that the Settlement shall be effected in accordance with the terms of the Agreement (all of the terms of which are adopted and incorporated herein by reference).

6. With this final approval of the Settlement, it is hereby ordered that the Releases shall have full force and effect. Consequently, upon entry of this Order and Judgment, each Settlement Class Member and the successors and assigns of any of them shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims and Unknown Claims that the Settlement Class members may have against the Released Parties, of any of them, subject to the modification and clarifications set forth in the Court's Orders approving the Stipulations.

7. This Action (and any and all claims asserted herein at any time) is dismissed in its entirety, on the merits, with prejudice and without leave to amend, with each party to bear his/her/its own costs and attorneys' fees (except as otherwise expressly provided in the Court's Order Granting Motions for Final Settlement Approval, Award of Attorneys' Fees and Expenses, and Class Representative Incentive Award), and all members of the Settlement Class and the successors and assigns of any of them who did not timely and properly execute and submit a Request for Exclusion shall be forever barred and permanently enjoined from starting, continuing, or participating in, litigation or receiving any benefits or other relief from any other lawsuit, arbitration or administrative or regulatory proceeding or order based on or relating to the claims, facts or circumstances in this Action and/or the Released Claims except claims relating to the enforcement of the Settlement of the Action (the "Settled Claims"). The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against Defendant on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment. In addition, to the extent applicable, members of the Settlement Class waive the application of Section 1542 of the California Civil Code (and any similar law of any other state), which provides that: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

8. Within 30 days after the filing of this Final order, any and all documentation provided by

1 Yahoo! to Plaintiff, Class Counsel, all other counsel of record in the Action for Plaintiff, Class
2 Counsel's experts, or anyone else employed by Class Counsel and/or Plaintiff, and all copies thereof,
3 shall be promptly returned to Yahoo! upon written demand by Yahoo!.

4      9. The Settlement and all Orders issued in connection with its approval, as well as any act
5 performed or document executed pursuant to the Settlement shall not be considered admissions of
6 liability or fault by Yahoo! or a finding of the validity of any claims in the Action or of any wrongdoing
7 or violation of law by Yahoo!. The Agreement and Settlement are not any concession by the parties
8 and, to extent permitted by law, neither this Final order nor the Agreement or Settlement shall be used
9 as evidence of any admission of any fault or omission by Yahoo! or any other person. Neither this Final
10 order nor the Agreement, nor the terms and provisions of the Settlement, nor any of the negotiations or
11 proceedings connected with it, shall be offered or received in evidence in any pending or future
12 arbitration, civil, criminal or administrative action of proceeding, other than such proceedings which
13 may be necessary to consummate or enforce the Agreement; however, Yahoo! may use the Agreement
14 or the exhibits thereto, and/or any related document, in any action that may be brought against it in
15 order to support a defense or counterclaim based on principles of res judicata, collateral estoppel,
16 release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or
17 issue preclusion.

18      10. The Court finds that all Parties and their counsel have complied with Rule 11 of the Federal
19 Rules of Civil Procedure as to all proceedings herein.

20      11. Class Counsel is hereby awarded attorneys' fees to be calculated in the manner set forth in
21 the Court's Order Granting Motions for Final Settlement Approval, Award of Attorneys' Fees and
22 Expenses, and Class Representative Incentive Award, which the Court finds to be fair and reasonable.
23 Class Counsel is awarded reimbursement of expenses in the amount of $54,430.82.

24      12. Pursuant to the Court's Order Granting Motions for Final Settlement Approval, Award of
25 Attorneys' Fees and Expenses and Class Representative Incentive Award, the Plaintiff is authorized to
26 receive $20,000 which shall be paid to Plaintiff in accordance with the terms of the Settlement
27 Agreement.

28      13. Without affecting the finality of this Judgment, this Court shall retain jurisdiction and

1  continuing jurisdiction over this action and the parties, including all Settlement Class Members, for
2  purposes of supervising, administering, implementing, enforcing and interpreting the Settlement, and
3  the claims process thereunder, including hearing and determining any application by any party to the
4  Agreement for a settlement bar order.

6      IT IS SO ORDERED

8  DATED:  11/19/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge